**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>**BRETT D. CARDONICK**<br><br>Debtor. | :<br>:<br>: **Chapter 13**<br>:<br>: **Case No. 23-11330-MDC**<br>:<br>: |

**STIPULATED CONSENT ORDER**

AND NOW, on this _____ day of _____, 2023, this matter having come before the Court upon the motion of BAF Associates L.L.C. for the allowance of administrative expenses and the immediate payment thereof (the "Motion"), after notice and hearing and upon consideration of any response thereto, and by agreement of BAF Associates L.L.C. and the Debtor, it is hereby ORDERED:

1. The Motion is GRANTED.

2. The Lease Termination Agreement attached hereto as **Exhibit A** is APPROVED.

3. BAF Associates L.L.C. is ALLOWED an administrative expense pursuant to 11 U.S.C. §§ 503(b), 507(a) in the amount of $25,000.00.

4. The Debtor shall file an amended plan treating this administrative expense consistent with 11 U.S.C. § 1322(a)(2) within seven (7) days of the entry of this Order.

5. This court retains jurisdiction to enforce the terms of this Order.

**[SIGNATURE PAGE FOLLOWS]**

51116477.2

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| **SAUL EWING LLP** | **CIBIK LAW, P.C.** |
| */s/ Turner N. Falk* | */s/ Mike Assad* |
| Turner N. Falk, Esquire | Mike Assad, Esquire |
| Centre Square West | 1500 Walnut Street, Suite 900 |
| 1500 Market Street, 38th Floor | Philadelphia, PA 19102 |
| Philadelphia, PA 19102-2186 | Tel: (215) 735-1060 |
| Telephone: (215) 972-7777 | assad@cibiklaw.com |
| turner.falk@saul.com | *Counsel for the Debtor* |
| *Counsel for Movant* | |
| Dated: 10/9/23 | Dated: 10/19/23 |

**SO ORDERED:**

Dated: October 20th, 2023

_____
Chief Judge Magdeline D. Coleman
United States Bankruptcy Judge

# EXHIBIT A

## Lease Termination Agreement

51116477.2

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "**Agreement**") is made as of the date last signed below, by and between BAF Associates L.L.C. ("**Landlord**") and Brett D. Cardonick ("**Tenant**" or "**Debtor**").

### RECITALS

WHEREAS, Landlord and Tenant (or their predecessors) entered into a certain lease dated March 1, 2019 (the "**Lease**"), covering certain premises located at 7167 Germantown Avenue, Philadelphia PA 19119 (the "**Premises**"), on the terms and conditions set forth therein;

WHEREAS, Tenant has filed a voluntary petition for relief pursuant to chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**");

WHEREAS, the parties desire to enter into this Agreement, under which, among other things, Landlord is restored to possession of the Premises as of the Termination Date (as defined below), the parties release each other, and Landlord is able to dispose of any remaining equipment at the Premises in its sole and absolute discretion;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows, subject only to an order of the Bankruptcy Court approving this Agreement (the "**Bankruptcy Court Order**"):

### AGREEMENT

1. <u>Recitals</u>. The Recitals are incorporated herein as if set forth at length.

2. <u>Lease Termination</u>. Subject to the Bankruptcy Court Order, the Lease shall immediately and automatically be deemed terminated effective as of October 7, 2023 (the "**Termination Date**"). From and after the Termination Date, Tenant shall have no right, title or interest in or to the Premises pursuant to the Lease. Subject to the Bankruptcy Court Order, no later than the Termination Date, Tenant shall surrender the Premises to Landlord, deliver possession thereof to Landlord and deliver all access codes and keys (or written confirmation that Landlord is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Landlord. Tenant shall have no obligation to perform any repair or replacement work to any part of the Premises or any fixtures, fittings or improvements therein and the Premises shall be delivered in their as-is condition. As of the date of execution of this Agreement, Landlord shall have the right to immediately market the Premises for lease and Tenant shall allow Landlord reasonable access to the Premises for such purpose.

3. <u>Consideration</u>. Subject to the entry of the Bankruptcy Court Order, Landlord is entitled to an administrative expense pursuant to Bankruptcy Code section 503(b) in the amount of $25,000.00 (the "**Administrative Expense**").

4. <u>Landlord Release of Tenant</u>. Subject to Tenant's timely surrender of the Premises by the Termination Date as required herein, for valuable consideration, and the mutual covenants and agreements contained herein, effective from and after the Termination Date, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery with respect to the Lease, except that (i) Landlord does not release Tenant from Tenant's obligations under this Agreement, the Bankruptcy Court Order or the responsibility to pay the Administrative Expense, and (ii) to the extent necessary to seek indemnification under any applicable liability insurance policy of Tenant, Landlord does not release Tenant from any claims for indemnification under the Lease arising from any third-party claims that may be asserted against Landlord for occurrences prior to the Termination Date.

5. <u>Tenant Release of Landlord</u>. For valuable consideration, and the mutual covenants and agreements contained herein, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, avoidance actions under chapter 5 of the Bankruptcy Code, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease.

6. <u>Extent of Release</u>. The parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that the Releases set forth in sections 4 and 5 above have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, they nevertheless hereby intend to release, discharge, and acquit the parties released in sections 4 and

2

5 above from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

7. <u>Conditions Precedent</u>. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred:

(a) Tenant has delivered possession of the Premises to Landlord in the condition required under the Lease;

(b) Tenant has delivered to Landlord the keys and access codes to the Premises; and

(c) The Bankruptcy Court Order has been entered.

8. <u>Tenant Representations, Warranties and Covenants</u>. Tenant represents and warrants to Landlord that:

(a) All utility services relating to the Premises directly billed to Tenant, if any, which are consumed in or which service the Premises shall be terminated by Tenant prior to the Termination Date and charges for such utility services shall have been paid in full through the date on which Tenant terminates such utility service;

(b) To the best of Tenant's actual knowledge, there are no outstanding contracts for the supply of labor or material to the Premises as of the date hereof, and as of the Effective Date, no work will have been done, or materials delivered, in, about, or to the Premises which have not been fully paid for and for which a mechanic's lien could be asserted and/or foreclosed; and

(c) To the best of Tenant's actual knowledge, there are not any actions, suits or proceedings pending or threatened before any governmental department, commission, board, bureau, agency or instrumentality that would affect the Premises or the right to occupy or utilize it.

9. <u>Furniture, Fixtures and Equipment (FF&E)</u>. In advance of the Termination Date, Tenant will use commercially reasonable efforts to remove "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, from any personal property to be abandoned upon the Termination Date. Upon the termination date, any FF&E remaining at the Premises is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to the Debtor or any third party.

10. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that

such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

11. <u>Attorneys' Fees</u>. Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

12. <u>Governing Law</u>. This Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

13. <u>Jurisdiction</u>. The parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the Eastern District of Pennsylvania with respect to all matters arising under or relating to this Agreement. The parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

14. <u>Miscellaneous</u>.

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

(b) This Agreement and each of its provisions are binding Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date last executed below.

**LANDLORD:**

BAF Associates L.L.C.,
a Pennsylvania limited liability company


By: _____

Name: David Fellner

Its: Principal

Date: _____


**TENANT:**

Brett D. Cardonick

By: _[signature]_____

Name: Brett D. Cardonick

Date: Oct 5, 2023

5

# 51116300-v1-BAF-Cardonick Lease Termination Agreement

**Final Audit Report** 2023-10-05

| | |
|---|---|
| Created: | 2023-10-05 |
| By: | Mike Assad (assad@cibiklaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAyC_1YD_vfR8R4Bpu4BIxovty9nNx9pGa |

## "51116300-v1-BAF-Cardonick Lease Termination Agreement" History

- Document created by Mike Assad (assad@cibiklaw.com)
  2023-10-05 - 7:12:50 PM GMT- IP address: 108.16.207.17

- Document emailed to brett cardonick (brettcardonick@yahoo.com) for signature
  2023-10-05 - 7:13:36 PM GMT

- Email viewed by brett cardonick (brettcardonick@yahoo.com)
  2023-10-05 - 9:15:57 PM GMT- IP address: 69.253.139.53

- Document e-signed by brett cardonick (brettcardonick@yahoo.com)
  Signature Date: 2023-10-05 - 9:16:23 PM GMT - Time Source: server- IP address: 69.253.139.53

- Agreement completed.
  2023-10-05 - 9:16:23 PM GMT



IN WITNESS HEREOF, the parties have duly executed th executed below.

**LANDLORD:**

BAF Associates L.L.C.,
a Pennsylvania limited liability company

By: _/s/_

Name: David Fellner

Its: Principal

Date: _____

**TENANT:**

Brett D. Cardonick

By: _/s/_

Name: Brett D. Cardonick

Date: Oct 5, 2023