**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>**BRETT D. CARDONICK**<br><br>Debtor. | :<br>:<br>: **Chapter 13**<br>:<br>: **Case No. 23-11330-MDC**<br>:<br>:<br>: |

**OBJECTION OF BAF ASSOCIATES L.L.C. TO CONFIRMATION**

BAF Associates L.L.C. ("BAF") by and through its undersigned counsel, hereby files this objection to the confirmation of the Debtor's proposed plan dated September 6, 2023 [D.I. 31] (the "Plan") and states as follows:

**I.    FACTUAL BACKGROUND**

1. On May 5, 2023, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, commencing the instant case.

2. The Debtor and Movant were parties to a commercial lease for 7167 Germantown Avenue, Philadelphia PA 19119 dated March 1, 2019 (the "Lease").

3. During the bankruptcy, the Debtor defaulted under the Lease by failing to pay rent, among other defaults. BAF filed the *Motion of BAF Associates L.L.C. for the Allowance of Administrative Expenses and the Immediate Payment Thereof* seeking administrative expense treatment for these postpetition defaults. [D.I. 33].

4. BAF and the Debtor settled this motion via a stipulation and order entered by the Court on October 20, 2023. [D.I. 39] (the "Administrative Expense Order").

5. Pursuant to the Administrative Expense Order, BAF has an allowed administrative expense of $25,000.00.

51259032.1

6. Pursuant to the Administrative Expense Order, "The Debtor shall file an amended plan treating this administrative expense consistent with 11 U.S.C. § 1322(a)(2) within seven (7) days of the entry of this Order."

7. The Plan does not provide for any payment of BAF's administrative expense.

8. The Debtor has not filed an amended plan consistent with the Administrative Expense Order.

9. The Plan cannot be confirmed in its present form. BAF does not object to the confirmation of a plan, so long as it provides for payment of BAF's administrative expense pursuant to 11 U.S.C. § 1322(a)(2) and the Administrative Expense Order.

**II.    ARGUMENT**

**A. The Plan Does Not Comply with 11 U.S.C. § 1322(a)(2)**

10. Pursuant to 11 U.S.C. § 1322(a)(2), a plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."

11. An administrative expense allowed under 11 U.S.C. § 503(b) is a "claim entitled to priority under section 507." *See* 11 U.S.C. § 507(a)(2) (Section 503(b) administrative expenses are entitled to second priority).

12. A plan that does not comply with the mandatory provisions of Section 1322 cannot be confirmed. 11 U.S.C. § 1325(a)(1) (requiring compliance with "the provisions of this chapter and with the other applicable provisions of this title" for confirmation).

13. BAF has an allowed administrative expense entitled to priority pursuant to the Administrative Expense Order.

14. The Plan does not propose any treatment of this administrative expense.

15. The Plan cannot be confirmed in its present form as it violates 11 U.S.C. § 1322(a)(2).

### III. CONCLUSION

For the foregoing reasons, BAF objects to confirmation of the Plan unless it is amended to treat BAF's administrative expense consistent with 11 U.S.C. § 1322(a)(2).

Dated:  November 1, 2023

**SAUL EWING LLP**

*/s/ Turner N. Falk*
Turner N. Falk, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone: (215) 972-7777
turner.falk@saul.com
*Counsel for BAF Associates L.L.C.*

51259032.1